UNITED STATES of America, Appellee

v.

Roland CHASE, Appellant.

No. 05–3139.

United States Court of Appeals,
District of Columbia Circuit.

April 20, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Jonathan Stuart Jeffress, Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and BROWN and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

ORDERED and ADJUDGED that the case be remanded for the district court to reconsider its decision not to reopen the suppression hearing, in accordance with the following.

Roland Chase appeals his conviction for unlawful possession of a firearm and ammunition by a person subject to a court order in violation of 18 U.S.C. § 922(g)(8). Chase asserts two grounds.

First, Chase argues the district court erred in refusing to suppress a statement Chase made prior to receiving *Miranda* warnings and in subsequently refusing to reopen the suppression hearing. The scene, briefly summarized, was as follows. On January 4, 2004, three police officers stopped the car Chase was driving and removed Chase and the other two occupants. Officer Beyer recovered a long, thin nylon bag from the back seat. Holding the bag (and its contents) Beyer asked: "What's in the bag?" Chase replied, "a rifle."

As the government concedes that Chase was in "custody" within the meaning of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we are only presented with the question whether Chase was subject to "interrogation." *See Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *United States v. Bogle,* 114 F.3d 1271, 1274–75 (D.C.Cir.1997). Therefore, it is

necessary to determine whether Officer Beyer should have known that his question was "reasonably likely to elicit incriminating information in the specific circumstances." *Bogle,* 114 F.3d at 1275. Although a court should consider only those facts an officer "should have known," whether a question is reasonably likely to elicit an incriminating response is an inquiry that "focuses primarily upon the perceptions of the suspect, rather than the intent of the police." *Innis,* 446 U.S. at 301–02, 100 S.Ct. 1682.

The district court concluded that no such interrogation took place because Beyer's question was not "directed to" Chase, but to Michael Hassan (Chase's companion who had been riding in the back seat). Officers Lamond and Beyer both testified that the question was directed to Chase. However, they offered conflicting testimony as to the relative positions of Beyer, Chase, and Hassan at that time. Lamond testified at the pre-trial hearing that Beyer was facing Hassan, that Beyer's back was to Chase, and that Chase and Hassan were placed on the sidewalk roughly 20 feet apart. Beyer, on the other hand, testified at trial that all three suspects were standing near the trunk of the car. The district court, in concluding that the question was directed not to Chase but to Hassan, failed to clearly resolve the inconsistent testimony of Officers Lamond and Beyer regarding Chase's location when Beyer posed the all-important question. Because this error may have infected the district court's decision not to reopen the suppression hearing, we decline to resolve *Miranda'* s applicability at this time and instead remand the case to the district court for further consideration.

Second, Chase argues the district court erred in excluding evidence of the fingerprint examiner's unfulfilled request for the palm prints of Chase's two companions.

This line of attack fails. Even assuming the evidence was relevant in the first place, the district court did not abuse its discretion in concluding the risk of unfair prejudice to the government outweighed the probative value of the evidence. *See United States v. Whitmore,* 359 F.3d 609, 619 (D.C.Cir.2004); Fed.R.Evid. 401, 402, 403.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.